UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENNIS RAY KRUM,

       Petitioner,

v.                    Case No: 2:13-cv-422-FtM-29MRM

SECRETARY,        FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE
OF FLORIDA,

       Respondents.

_____

## OPINION AND ORDER

### I. Status

Petitioner Dennis Ray Krum (hereinafter "Petitioner" or "Krum") initiated this action proceeding *pro se* by filing a timely 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. #1, "Petition") challenging his judgment and conviction of sexual battery entered in the Twentieth Judicial Circuit Court in Collier County, Florida. The Petition raises four grounds for relief.

Respondent[1] filed a Response (Doc. #14, Response) opposing all grounds and attached supporting exhibits (Doc. #16, Exhs. 1-

---

[1]Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542

10) consisting of the record on direct appeal and postconviction pleadings. *Inter alia*, Respondent argues that Petitioner has not satisfied 28 U.S.C. § 2254(d)(1)-(2).[2]   Petitioner filed a Reply (Doc. #17), which also contains exhibits consisting of portions of the trial transcript.

For the reasons that follow, the Court concludes that Petitioner is not entitled to habeas relief and the Petition must be denied.  Because the Petition can be resolved on the basis of the record, an evidentiary hearing is not warranted.  <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473-474 (2007) (finding if the record refutes the factual allegations in the petition or otherwise

---

U.S. 426, 435 (2004).  This is "'the person with the ability to produce the prisoner's body before the habeas court.'"  <u>Id.</u> at 435-436.  In this case, the proper Respondent is the Secretary of the Florida Department of Corrections.   The Florida Attorney General is dismissed from this action.

[2]Respondent submits that the Petition was timely filed, <u>see</u> Response at 10, but does not develop the matter with any detail. Petitioner allowed a substantial amount of time to elapse between the date his direct appeal was <u>per curiam</u> affirmed (opinion issued December 12, 2008, mandate issued January 7, 2009) and the date he filed his first Rule 3.850 motion (Jan. 27, 2009).  <u>Infra</u> at pp. 3-4.  However, the Court declines to address this issue in this case <u>sua sponte</u> because the matter is not jurisdictional.  <u>Day v. McDonough</u>, 547 U.S. 198, 210 (2006) (noting that district courts are permitted, but not obligated, to consider <u>sua sponte</u>, the timeliness of a state prisoner's habeas petition and further noting that if the matter is addressed <u>sua sponte</u>, then the petitioner must be given notice and a chance to respond).

precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## II.  Background and Pertinent Procedural History

On June 1, 2006, Petitioner was charged by Information with one count of sexual battery on a person twelve years or older, without her consent.  Exh. 1, p. 1.  After a jury trial, Petitioner was found guilty of sexual battery and sentenced to a ten-year term of imprisonment.  Id.; Response at 2.

Petitioner, with the assistance of counsel, filed a direct appeal raising one issue for relief: whether the trial court erred by prohibiting appellant's trial counsel from impeaching the state's sole eyewitness, which violated Krum's right to cross-examination.  Response at 2; Exh 2.  The appellate court per curiam affirmed without a written decision.  Krum v. State, 997 So. 2d 415 (Fla. 2d DCA 2008) [table].  Mandate issued January 7, 2009.  Exh. 3; Response at 2.

On January 27, 2010, Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 raising the following three grounds for relief:

> 1)  Krum was denied his constitutional rights under both state and federal constitutions to due process, equal protection and the right to effective assistance of counsel, when counsel misinformed Krum concerning the maximum sentenced he faced.

2) Krum was denied his Sixth and Fourteenth Amendment rights under the United States Constitution to due process, equal protection, and the right to effective assistance of counsel by trial counsel's failure to locate, interview and call witnesses to testify at trial.

3) Krum was denied his Constitutional rights under both state and federal constitutions to due process, equal protection, and the right to effective assistance of counsel, when trial counsel failed to object to prosecutor's improper comments and the bolstering of state's witness.

See Exh. 5. After receiving the state's response, the postconviction court scheduled an evidentiary hearing concerning only the first ground for relief. Exh. 7. The postconviction court held the evidentiary hearing on January 24, 2011, during which Petitioner was represented by appointed counsel. Exh. 8. On March 24, 2011, the postconviction court entered a final order denying Petitioner relief on all three grounds for relief. Exh. 9. Petitioner appealed, Exh. 10, and the appellate court entered an order per curiam affirming the postconviction court's decision, Krum v. State, 111 So. 3d 889 (Fla. 2d DCA 2013) [table].

Petitioner initiated the instant federal habeas corpus petition on May 23, 2013, raising four grounds for relief.

### III.  Applicable § 2254 Law

### A.  Deferential Review Required By AEDPA

- 4 -

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). <u>Abdul-Kabir v. Quarterman</u>, 550 U.S. 233, 246 (2007); <u>Penry v. Johnson</u>, 532 U.S. 782, 792 (2001). Consequently, post-AEDPA law governs this action. <u>Abdul-Kabir</u>, 550 U.S. at 246; <u>Penry</u>, 532 U.S. at 792; <u>Davis v. Jones</u>, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." <u>Id.</u> (internal quotations and citations omitted). <u>See also</u> <u>Harrington v. Richter</u>, 562 U.S. 86, 102 (2011) (pointing out that "if [§

- 5 -

2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, 559 U.S. 43, 47 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)) (recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court

issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012) (internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 562 U.S. at 86. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**B.  Federal Claim Must Be Exhausted in State Court**

Ordinarily, a state prisoner seeking federal habeas relief must first "'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address the correct alleged violations of [the] prisoner's federal rights.'" Walker v. Martin, 562 U.S. 307, 316 (2011) (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)). This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts. Rhines v. Weber, 544 U.S. 269, 274 (2005). "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider. A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. Anderson v. Harless, 459 U.S. 4, 7 (1983). A state law claim that

"is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Duncan v. Henry, 513 U.S. 364, 366 (1995)(per curiam).  "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002).  Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief. . . ." Smith, 256 F.3d at 1138.  A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.  First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008).

In Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1318 (2012), the Supreme Court held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim ..." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland.  Id.  In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id.

Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such a review is necessary to correct a fundamental miscarriage of justice.  House, 547 U.S. at 536; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

## C.  Ineffective Assistance of Counsel Claims

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668

(1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. <u>Newland</u>, 527 F.3d at 1184.  In <u>Strickland</u>, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 688; <u>see also</u> <u>Bobby Van Hook</u>, 558 U.S. 4, 8 (2009); <u>Cullen v. Pinholster</u>, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." <u>Bobby Van Hook</u>, 558 U.S. at 9 (internal quotations and citations omitted).  It is petitioner

who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny.  Id.  A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  An attorney is not ineffective for failing to raise or preserve a meritless issue.  Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client").  "To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'"  Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

## IV.  Findings of Fact and Conclusions of Law

Petitioner raises the following four grounds in his Petition:

**Ground One-** whether the state courts' decision on state prisoner's claim of ineffective assistance of counsel was contrary to clearly established federal law, as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court?

**Ground Two-** whether state courts' decision on state prisoner's claim of ineffective assistance of counsel was contrary to clearly established federal law, as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court?

**Ground Three**- whether Petitioner's claim of ineffective assistance of counsel where defense counsel never filed a proper 'motion to disqualify trial judge' pursuant to Florida Rule of Judicial Administrat[ion] 2.330; Florida Rule of Criminal Procedure 3.231; Florida Statute § 38.10, when trial court was 'recently appointed trial judge' coming out from the state attorney office 'sexual crime offenses division' in accord to <u>Martinez v. Ryan</u>, ___ U.S. _____, 132 S. Ct. 1309 (2012) is a substantial violation of Petitioner's Constitutional right as clearly established federal law, as determined by the supreme Court.

**Ground Four-** whether state court's decision on state prisoner's claim in direct review or direct appeal was contrary to clearly established federal law, as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court?

<u>See</u> generally Petition (errors in original).   The Court will address each ground in turn.

**Ground One**

Petitioner argues that his defense counsel rendered ineffective assistance of counsel by misadvising him about the potential length of his sentence if convicted at trial. Petition at 6. Petitioner claims that he relied upon this advice to his detriment when he did not accept the State's plea offer. Id. at 5-6. Specifically, Petitioner contends that Mr. Hollander, his defense attorney, told him that he faced a "7.95 year" sentence if convicted, not a 15 year sentence, so he refused the state's plea offer of five years. Id. Petitioner submits that his mother was a witness to this conversation. Id. at 6, 8. Petitioner faults the postconviction court for not crediting his mother's testimony more than his defense counsel's testimony at the postconviction evidentiary hearing. Id. at 8.

In Response, Respondent refers to the postconviction court's evidentiary hearing and testimony from defense counsel that he begged Petitioner to take the plea that was offered prior to trial, but Petitioner refused, and otherwise properly advised Petitioner that he faced a maximum fifteen-year sentence. Response at 13. Respondent asserts that the state court's credibility determination wherein it determined counsel's testimony was more credible than the testimony from Petitioner (and his mother) is entitled to deference. Id. at 15. Respondent further argues that

the state courts' decisions were not contrary to or an unreasonable application of <u>Strickland</u>. <u>Id.</u>

The Court finds Ground One is exhausted to the extent Petitioner raised this claim as his first claim for relief in his Rule 3.850 motion and appealed the adverse result thereafter. Exh. 5 at 6-7 (Rule 3.850 motion); Exh. 10 (on appeal).

In denying Petitioner relief on this claim, the postconviction court reviewed the law set forth in <u>Strickland</u> and ultimately determined that the evidence presented during the hearing weighed in favor of denying Petitioner relief. Exh. 9 at 2-3. The postconviction court found as follows:

> By order rendered August 31, 2010, an evidentiary hearing was granted as to **Ground One** alleging that, when reviewing the State's plea offer, Defendant's trial counsel informed him that the maximum sentence he was facing was 7.95 years imprisonment. Defendant asserts that he would have accepted the State's plea offer if his counsel had informed him that he was facing a possible maximum sentence of 15 years. At the hearing, the Defendant has the burden to prove that his counsel misadvised him as to the maximum possible sentence. <u>Cottle v. State</u>, 733 So. 2d 963 (Fla. 1999). During the evidentiary hearing on this claim, Defendant testified that he discussed plea negotiations with his trial counsel, Mr. Lee Hollander. He stated that Mr. Hollander informed him of the first plea offer, 5 years imprisonment, the second plea offer, 3 years imprisonment, and then Defendant heard nothing more. He testified that Mr. Hollander had advised him that he was facing an 8 year sentence. Karen Krum,

Defendant's mother, also testified on behalf of Defendant.   She stated that during a meeting at Mr. Hollander's office, he informed her and the Defendant that if Defendant was found guilty he would be facing a maximum penalty of 7.95 years.   The State presented the testimony of Mr. Hollander, who testified that he had several discussions with Defendant about plea offers and informed him that the maximum penalty for his charge was 15 years imprisonment. Mr. Hollander also testified that Defendant's wife was always present at the meetings with Defendant, but that he could not remember Defendant's mother, Karen, ever being present at those meetings.   The Court denied this claim at the conclusion of the evidentiary hearing, finding that Mr. Hollander's testimony was credible, in that he had informed Defendant of the maximum penalty of 15 years imprisonment.

Exh. 9 at 1-2.   The appellate court *per curiam* affirmed the postconviction court's order.   Krum, 111 So. 3d 889 [table].

The Court finds that the State court's denial of postconviction relief did not result in a decision that was "contrary to, or involved an unreasonable application of" Strickland, or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the State court.   Here, Petitioner satisfied neither the deficient performance nor prejudice prongs of Strickland considering defense counsel's testimony refuted Petitioner's claim.   Defense counsel testified that he properly advised Petitioner that he faced a maximum sentence of fifteen-years, if he was convicted.   The

postconviction court's factual determination is entitled to deference.  Even with that advice from counsel, petitioner rejected two plea offers from the State.  Accordingly, Petitioner is denied relief on Ground One.

**Ground Two**

Petitioner argues that defense counsel rendered ineffective assistance for not calling two witnesses, who had also been at the victim's apartment on the night of the incident, to testify at trial.  Petition at 10-11.  Petitioner claims that "Josh Woodward" and "Valerie" could have testified that the victim told Petitioner that she wanted to have "an affair" with him on the night the incident occurred.  Id. at 11-12.

In Response, Respondent notes that the State court found this ground was facially insufficient.  Response at 16-17.  Respondent notes that in Petitioner's postconviction pleading, he listed three potential witnesses: Josh Woodward, another man only known by the first name Josh, and a woman only known by the name Valerie, who would have testified that after arriving at the victim's house, the victim changed into sleeping clothes and invited various people that were at her home to remain there.  Id. at 16.  However, these facts were uncontested because both the victim and the Petitioner testified during trial that the victim went to bed before all of her guests had left and that she invited the guests to remain at

her home.  Id. at 17.  Respondent argues that the Court must deny Ground Two because the State courts' decision rejecting the claim was not contrary to or an unreasonable application of Strickland, nor was it an unreasonable determination of the facts based on the evidence presented.

The Court finds Ground Two is exhausted to the extent Petitioner raised this claim as his second claim for relief in his Rule 3.850 motion and appealed the adverse result thereafter. Exh. 5 at 7-9 (Rule 3.850 motion); Exh. 10 (on appeal).  Although the postconviction court determined the claim was facially insufficient, such a decision constitutes a decision on the merits for purposes of determining whether the claim is procedurally defaulted.  Pope v. Sec'y Dep't of Corr., 680 F.3d 1271, 1285-86 (11th Cir. 2012).

In denying Petitioner relief on this claim, the postconviction court reviewed the law set forth in Strickland and denied Petitioner relief finding as follows:

> In order to state a facially sufficient claim on this ground, Defendant must allege the identity of the potential witness, the substance of the witness' testimony, an explanation of how the omission of the testimony prejudiced the outcome of the case, and a representation that the witness was available for trial.  Leftwich v. State, 954f So. 2d 714 (Fla. 1st DCA 2007).  Defendant alleges in his motion that Josh Woodward, another man known only by the first name Josh,

> and a woman known only by the first name
> Valerie would have testified that after
> arriving at the victim's home, she changed
> into sleeping clothes and invited various
> other people that were at her home to remain
> there.   The purported testimony of these
> witnesses is on an uncontested point.   Both
> the victim and Defendant testified during the
> trial that the victim went to bed before all
> of her guests had left and that the victim
> invited those guests to remain at her home
> (Attached hereto is a copy of State's Exhibit
> B, Trial Transcript, pgs. 138, 223-4).
> Because these uncalled witnesses would have
> testified to uncontested facts, Defendant
> cannot demonstrate either deficient
> performance or prejudice with respect to this
> claim, and is not entitled to relief.

Exh. 9 at 2-3.  The appellate court *per curiam* affirmed the
postconviction court's order.  <u>Krum</u>, 111 So. 3d 889 [table].

The Court finds that the State court's denial of
postconviction relief did not result in a decision that was
"contrary to, or involved an unreasonable application of"
<u>Strickland</u>, or "in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented" in
the State court.  The facial insufficiency of the claim before the
postconviction court and therefore failure to adduce any of the
witnesses' testimony at the state evidentiary hearing has reduced
the claim of prejudice to mere speculation.  <u>See</u> <u>Fuqua v. Sec'y</u>
<u>Dep't of Corr.</u>, 409 F. App'x 243, 246 (11th Cir. 2010) (citation
omitted).  As reasonably noted by the postconviction court, the

identity of two of the three uncalled witnesses was unknown.  And, the facts concerning the victim going to bed before the guests left and permitting them to stay after she went to bed, which Petitioner claims the witnesses would have testified about, were uncontested.  Additionally, evidence was presented in the form of a post-Mirandized statement from Petitioner admitting that he digitally penetrated the victim after returning to her apartment. Exh. 4, TT. 140, 165, 18-89.  The victim further testified that she did not give Petitioner permission to sexually assault her. Exh. 4 at 140.  Because Petitioner cannot show that State court's denial of postconviction relief resulted in a decision that was "contrary to, or involved an unreasonable application of" Strickland, or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented," Petitioner is denied relief on Ground Two.

**Ground Three**

Petitioner claims that his trial counsel rendered ineffective assistance of counsel for failing to move to disqualify the assigned state court judge, who was newly appointed and previously worked in the Sexual Crime Offenses Division of the State Attorney's office.  Petition at 14.  Petitioner believes the judge's former work for the State Attorney's Office effected his ability to be impartial.  Id.  Petitioner acknowledges that he did

not previously raise this claim before the state court, but argues that Martinez applies to overcome the procedural default of this claim. Id. at 15, 18. Additionally, Petitioner claims that the trial judge should have recused himself, despite defense counsel's failure to move for disqualification. Id. at 15.

In Response, Respondent argues that the claim is unexhausted and now procedurally defaulted because Petitioner never challenged the partiality of the state trial court judge in the State court. Response at 20. Respondent further asserts that any Martinez exception to the procedural default does not apply to Petitioner's claim because Petitioner was appointed counsel for his Rule 3.850 evidentiary hearing. Id. at 21-22. Turning to the merits, Respondent argues that Petitioner has not demonstrated that his defense attorney acted with deficient performance, or that his performance prejudiced him, because the record shows the trial judge was impartial. Id. at 26.

### 1. Exhaustion and Procedural Default

As discussed above, a petitioner who fails to raise his federal claims in the state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause and prejudice, or a fundamental miscarriage of justice. Supra at 7-10. A procedural default can arise in different ways. A claim may be procedurally defaulted when a state court correctly applies

a procedural default principle of state law and concluded that the petitioner's federal claims are barred in its order dismissing the petitioner's postconviction claim.   <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302-1303 (11th Cir. 1999).   When a state court makes this determination, the federal court must determine whether the last state court rendering judgment "clearly and expressly" stated that its judgment rested on a procedural bar.   <u>Id.</u>   Second, a claim may be procedurally defaulted when a petitioner never raised the claim in state court and it is obvious that the unexhausted claim would now be procedurally defaulted in state court.   <u>Id.</u> at 1303.

The Court finds Ground Three is procedurally defaulted because Petitioner never raised his claim concerning whether the trial judge should have recused himself before the Florida courts. <u>See</u> Exh. 2 (direct appeal); Exh. 5 (Rule 3.850 motion).   By failing to present the instant federal claim to the Florida courts, Petitioner deprived the state courts of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."   Petitioner cannot return to state court to present this claim because Florida procedural rules preclude a second, untimely Rule 3.850 motion absent certain extenuating circumstances that are not present in this case.   <u>See</u> Fla. R. Crim. P. 3.850 (requiring such a motion to be filed within two years after the

judgment and sentence become final).  Consequently, the Court finds that this claim is unexhausted and procedurally defaulted.

A procedural default for failing to exhaust state court remedies will only be excused in one of two narrow circumstances. First, Petitioner may obtain review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting therefrom.  House, 547 U.S. 518, 536-537 (2006); Mize, 532 F.3d at 1190.  Second, Petitioner would have to show a fundamental miscarriage of justice.

To establish cause for a procedural default, Petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999).  To show prejudice, Petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions.  United States v. Frady, 456 U.S. 152 (1982).  In other words, he must show at least a reasonable probability of a different outcome.  Henderson v. Campbell, 353 F.3 d 880, 892 (11th Cir. 2003).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental

miscarriage of justice.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Carrier, 477 U.S. at 495-96.  A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent.  Schlup v. Delo, 513 U.S. 298, 327 (1995). This exception requires a petitioner's "actual" innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).  To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error.  Schlup, 513 U.S. at 327.

Petitioner acknowledges that Ground Three was not properly exhausted, but asserts that under Martinez v. Ryan, he has "cause" to excuse his default.  Petition at 15, 18.  Petitioner believes Martinez applies to his case because Florida law does not afford a criminal defendant an attorney on direct appeal, or on the first review where an ineffective assistance of counsel claim can be raised.  Petition at 15, 18.

Under Martinez, a Petitioner may show cause to overcome a procedural default of a claim when: (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland.  Id.  In such instances, the

prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id.

Contrary to Petitioner's assertions, in Florida, prisoners are entitled to the appointment of counsel on direct appeal. Petitioner was appointed counsel on direct appeal. See Exh. 2 (noting defense counsel Bruce G. Howie for the Petitioner). Claims of ineffective assistance of counsel, however, are rarely raised on direct appeal and may only be raised on direct appeal when the claim is "obvious on the face of the appellate record." See Corzo v. State, 806 So. 2d 642, 645 (2d DCA Fla. 2002). Prisoners in Florida are not routinely appointed counsel in motions filed under Florida Rule of Criminal Procedure 3.850, which is really a Florida prisoner's first opportunity to raise an ineffective assistance of counsel claim. See id.; see Trevino v. Thaler, 133 S. Ct. 1911, 1921 (2013) (explaining Martinez extends to prisoners who technically had the ability to bring their ineffective assistance claims on direct appeal of their conviction, but really had to bring it in their first habeas petition.).

Here, however, as noted by Respondent, Petitioner was appointed counsel in his Rule 3.850 evidentiary proceedings to the

extent the postconviction court determined that an evidentiary hearing was required on Petitioner's second postconviction relief claim.  See Exh. 8 (noting counsel Shannon Brown was appointed for Petitioner).  Thus, Martinez may not extend in Petitioner's case.

In the abundance of caution, to the extent Martinez may apply since Petitioner filed his Rule 3.850 motion proceeding pro se, Petitioner still must show that his claim is a "substantial one." There is no support in this record that Petitioner's claim is a substantial one because there is no evidence that the judge was biased or did not act impartially.

Petitioner has not shown cause and prejudice, or a fundamental miscarriage of justice to overcome the procedural default.  No exception, including Martinez, overcomes Petitioner's procedural default of Ground Three.  Consequently, Ground Three will be dismissed as unexhausted and procedurally defaulted.

**Ground Four**

Ground Four contains two related claims.  First, Petitioner argues he was denied a fair trial when he was not able to properly confront the victim's testimony because the judge determined that his defense attorney's attempt to impeach the victim constituted "improper impeachment."  Petition at 22-23.  Second, Petitioner argues that the trial judge erred when he did not declare a

mistrial based on the prosecutor's closing argument that the victim never provided inconsistent statements.  Id. at 25-26.

With regard to his confrontation claim, Petitioner specifically contends:

> that his attorney attempted to test the
> victim's credibility on cross-examination
> concerning the locking of her door and her
> consent to allow the visitor's to re-enter the
> apartment.   Trial counsel attempted to show
> that while the victim testified at trial that
> she expected her friends to lock the door when
> they left, she stated under oath at her
> deposition that no one locked the door
> because, "the girls were coming right back."
> (T.T. Vol. III, pg. 149).  The state objected
> to this as attempted 'improper impeachment',
> and the trial court sustained the objection
> because there was 'no material inconsistent
> statement' between her trial testimony and her
> deposition testimony. (T.T. Vol. III, pg.
> 150).

Id. at 22-23.  Thus, Petitioner contends the trial court deprived him of his right to a full and fair cross-examination.  Id. at 23.

Related to this claim, Petitioner challenges the prosecutor's closing argument wherein the prosecutor asked the jurors to consider whether the witness' testimony agreed with the other testimony and evidence in the case.  During closing argument the prosecutor stated, "Well, you heard all the different stories the defendant gave.  Did the witness, at some other time, make a statement inconsistent with the testimony they gave in court.  Mr. Hollander is a fine attorney.  Did you hear him being able to say,

well you said this before, you said this before?. . . ." Response
at 32 (citing Exh. 4, T. 258).  Defense counsel objected and said
that he had attempted do so by questioning the victim, moved to
strike the prosecutor's comment, and moved for a mistrial.
Response at 32 (citing Exh. 4, T. 268).  The trial court denied
defense counsel's motion for mistrial and advised that it had
previously made the finding that defense counsel was attempting to
impeach the victim on something that was not material and it was
not proper impeachment.  Response at 32 (citing Exh. 4, T. 269-
70).

In Response, Respondent argues that this claim was not
exhausted and now procedurally defaulted.  Response at 27-28.
Respondent notes that Petitioner raised a similar claim on direct
appeal, but did not alert the Florida court to the presence of a
federal claim by merely citing to one federal case.  Id. at 28.
Turning to the merits, Respondent asserts that the appellate
court's decision and argues that the decision was not contrary to,
or an unreasonable application of, clearly established federal
law, or an unreasonable application of the facts.  Id. at 35.
Respondent points to the evidence introduced at trial and argues
that "whether or not the sexually assaulted victim told her friends
to lock the door or said that it would remain unlocked in the event
of their return is of 'no constitutional movement' as such evidence

was not relevant as impeachment evidence." Id. at 34 (citing Ivy v. Fla. Dep't of Corr., ___ F. App'x ____, 2013 WL 5814123 (11th Cir. 2013) (other citations omitted)).

Contrary to Respondent's argument that this claim was not fully exhausted by a mere citation to federal case law and is now procedurally defaulted, the Court finds Petitioner exhausted this claim before the State court. Petitioner alerted the State court to a federal claim when he argued that his "Sixth Amendment and due process right to confront his accuser by exercising his absolute right to full and fair cross-examination" was violated. Exh. 2 at 14.   The appellate court rejected Petitioner's claim.

Turning to the merits, the Court nevertheless finds Petitioner is not entitled to relief on Ground Four.   The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant "to be confronted with the witnesses against him."   This includes the right to cross-examine witnesses. See Pointer v. Texas, 380 U.S. 400, 406-407 (1965).   However, "the Confrontation clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" Kentucky v. Stincer, 482 U.S. 730, 739 (1987) (quoting Delaware v. Fensterer, 474 U.S. 15, 20 (1985)).   The Confrontation Clause, however, does not limit the trial judge's ability "to impose

reasonable limits on cross-examinations based upon concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 474 U.S. 673, 679 (1986); see also Alford v. U.S., 282 U.S. 687, 694 (1931) (recognizing that the scope of cross-examination regarding a particular line of inquiry is "within the sound discretion of the trial court," and "it may exercise a reasonable judgment in determining when [a] subject is [inappropriate].").

Here, Petitioner has not demonstrated how the State court's decision violated federal law.  The Court finds defense counsel was adequately permitted to engage in cross-examination of the State's witness in order for the jury to determine credibility. See Exh. 4, T. 142-154.  The Court agrees with Respondent that whether or not the victim told her friend to lock her front door, or said that the door could remain unlocked in the event of their return, did not weigh on the fact that the victim did not give Petitioner permission to digitally penetrate her.  See Exh. 4, T. 148-150.  Petitioner has not shown that the State court's rejection of this claim was contrary to, or an unreasonable application of clearly established Federal law, or an unreasonable application of the facts.  Accordingly, the Court denies Petitioner relief on Ground Four.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The Florida Attorney General is **dismissed** from this action.

2.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED IN PART AND DISMISSED IN PART**.   Grounds One, Two, and Four are **DENIED** on the merits.   Ground Three is **DISMISSED as procedurally defaulted**.

3.   The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.   A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___6th___ day of May, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record